UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:15-CV-22396

ACE AMERICAN FIRE AND
MARINE INSURANCE
COMPANY LTD., a/s/o
FNBIZ,

   Plaintiff,

vs.

INTERCARGO LOGISTICS, INC.,
DAWN FREIGHT, INC., and HIGH
QUALITY TRUCKING, INC.,

   Defendants.
_____/

INTERCARGO LOGISTICS, INC.,

   Cross-Claimant,

vs.

DAWN FREIGHT, INC., and HIGH
QUALITY TRUCKING, INC.,

   Cross-Defendants.
_____/

## DEFENDANT INTERCARGO LOGISTICS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant, INTERCARGO LOGISTICS, INC. (hereinafter "INTERCARGO"), by and through its undersigned counsel, in answer to Plaintiff's Complaint, and states as follows:

1. INTERCARGO has insufficient information to admit or deny the allegations of Para. 1, and therefore denies the allegations.

2. INTERCARGO has insufficient information to admit or deny the allegations of

Para. 2, and therefore denies the allegations.

3. INTERCARGO has insufficient information to admit or deny the allegations of Para. 3, and therefore denies the allegations.

4. INTERCARGO has insufficient information to admit or deny the allegations of Para. 4, and therefore denies the allegations.

5. INTERCARGO admits the allegations of Para. 5.

6. INTERCARGO denies the allegations of Para. 6.

7. INTERCARGO admits the allegations of Para. 7.

8. INTERCARGO denies the allegations of Para. 8.

9. INTERCARGO denies the allegations of Para. 9.

10. INTERCARGO admits the allegations of Para. 10.

11. INTERCARGO admits the allegations of Para. 11.

12. INTERCARGO denies the allegations of Para. 12.

13. INTERCARGO has insufficient information to admit or deny the allegations of Para. 13, and therefore denies the allegations.

14. INTERCARGO has insufficient information to admit or deny the allegations of Para. 14, and therefore denies the allegations.

15. INTERCARGO can neither admit nor deny the allegations of Para. 15 as pled.

16. INTERCARGO denies the allegations of Para. 16.

17. INTERCARGO denies the allegations of Para. 17.

18. INTERCARGO denies the allegations of Para. 18.

19. INTERCARGO denies the allegations of Para. 19.

20. INTERCARGO denies the allegations of Para. 20.

21. INTERCARGO denies the allegations of Para. 21.

22. INTERCARGO can neither admit nor deny the allegations of Para. 22 as pled.

23. INTERCARGO denies the allegations of Para. 23.

24. INTERCARGO denies the allegations of Para. 24.

25. INTERCARGO denies the allegations of Para. 25.

26. INTERCARGO denies the allegations of Para. 26.

27. INTERCARGO can neither admit nor deny denies the allegations of Para. 27 as pled.

28. INTERCARGO denies the allegations of Para. 28.

29. INTERCARGO denies the allegations of Para. 29.

30. INTERCARGO denies the allegations of Para. 30.

## FIRST AFFIRMATIVE DEFENSE
### (Improper Venue)

As a first, separate, affirmative defense, Defendant alleges that the venue is improper, and that pursuant to a written agreement between Plaintiff and Defendant, proper venue of this dispute is Fulton County, Georgia.

## SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

As a second, separate affirmative defense, Defendant alleges that Plaintiff, by its own acts and/or omissions, is estopped from recovering at all against Defendant.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to Exercise Ordinary Care)

As a third, separate, affirmative defense, Defendant alleges that, at all times and places alleged in said First Amended Complaint, Plaintiff failed to exercise ordinary and reasonable care on its own behalf and such negligence and carelessness was a proximate cause of some

3

portion, up to an including the whole of its own alleged injuries and damages, if any, and Plaintiff's recovery therefore should be barred or reduced according to law, up to and including the whole thereof.

### FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

As a fourth, separate affirmative defense, Defendant alleges that Plaintiff, by its own acts and/or omissions, has waived its rights, if any, to recover against Defendant.

### FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

As a fifth, separate affirmative defense, Defendant alleges that Plaintiff has failed to mitigate its damages, if any, in connection with the matters referred to in the Complaint and that such failure to mitigate bars and/or diminishes the Plaintiff's recovery, if any, against Defendant.

### SIXTH AFFIRMATIVE DEFENSE
### (Uncertainty)

As a sixth, separate, affirmative defense, Defendant alleges that the claims in the Complaint, and each of them, are uncertain and ambiguous as to Plaintiff's claim for damages against Defendant.

### SEVENTH AFFIRMATIVE DEFENSE
### (Laches)

As a seventh, separate, affirmative defense, Defendant alleges that the claims contained in the Complaint, and each of them, are barred by the doctrine of laches in that the Plaintiff has unreasonably delayed in bringing these claims, and said delays have prejudiced Defendant.

### EIGHTH AFFIRMATIVE DEFENSE
### (Failure of Others to Exercise Reasonable Care)

As an eighth, separate, affirmative defense, Defendant alleges that if Defendant is subjected to any liability herein, it will be due in whole, or in part, to the acts and/or omissions of

the other Defendants or other parties unknown at this time, and any recovery obtained by Plaintiff should be barred or reduced according to law, up to and including the whole thereof.

**NINTH AFFIRMATIVE DEFENSE**
**(Defendant Exercised Reasonable Care)**

As a ninth, separate, affirmative defense, Defendant alleges that, at all times relevant herein, Defendant exercised reasonable care and did not know, and in the exercise of reasonable care could not have known, of the alleged acts or allegations in connection with the conditions which are the subject of the Complaint.

**TENTH AFFIRMATIVE DEFENSE**
**(Lack of Privity)**

As a tenth, separate, affirmative defense, Defendant alleges that one or more of Plaintiff's claims are barred due to Plaintiff's lack of privity with Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Intervening Acts of Others)**

As an eleventh, separate, affirmative defense, Defendant alleges that the injuries and damages sustained by Plaintiff, if any, were proximately caused by the intervening and superseding actions of others, which intervening and superseding actions bar and/or diminish Plaintiff's recovery, if any, against Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

As a twelfth, separate, affirmative defense, Defendant alleges that by reason of its conduct, Plaintiff is barred by the Doctrine of Unclean Hands from taking any relief sought in the Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Lack of Standing)**

As a thirteenth, separate, affirmative defense, the Complaint, and each and every

purported claim contained therein, is barred by reason of the fact that Plaintiff lacks standing to bring this action.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Indispensable Parties)

As a fourteenth, separate, affirmative defense, Defendant alleges that this action cannot proceed because Plaintiff has failed to join one or more indispensable parties.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Failure to State a Claim)

As a fifteenth, separate, affirmative defense, Defendant alleges that said Complaint, and each and every cause of action or purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Failure of Consideration, Waiver, Breach of Condition Precedent by Plaintiffs)

As a sixteenth, separate, affirmative defense, Defendant alleges that if any contracts, obligations or agreements as alleged in the complaint have been entered into, any duty of performance of this Defendant is excused by reason of failure of consideration, waiver, breach of condition precedent, breach by Plaintiff, impossibility of performance, prevention by Plaintiff, frustration of purpose and/or acceptance by Plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Insurance)

As a seventeenth, separate, affirmative defense to Plaintiff's Complaint, Defendant alleges that it is entitled to coverage under any insurance policy purchased on the subject cargo.

### EIGHTEENTH AFFIRMATIVE DEFENSE
(Good Faith and Standard of Care)

As an eighteenth, separate, affirmative defense to Plaintiff's Complaint, Defendant alleges that it acted with good faith and within reasonable commercial standards for transporting

cargo interstate, precluding recovery by Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Offset)

As a nineteenth, separate, affirmative defense to Plaintiff's Complaint, Defendant alleges it is entitled to an offset for any settlement monies paid to Plaintiff or any insurance proceeds paid to Plaintiff as a result of the lost/damaged cargo.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Additional Defenses)

As a twentieth, separate, affirmative defense, Defendant alleges that it may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize its claims, due to the fact that Defendant does not have copies of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs for which Plaintiff alleges Defendant may share some responsibility. Defendant therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Right to Amend Answer)

As a twenty-first, separate, affirmative defense, Defendant reserves the right to amend its answer herein, including the addition of affirmative defenses after pleading and discovery in preparation for trial.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Contracts of Carriage)

As a twenty-second, separate, affirmative defense to Plaintiff's Complaint, Defendant

alleges that it is entitled to the protections and limitations of any contract of carriage governing the shipment of the cargo.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
(No Attorneys' Fees, Costs, or Pre- or Post- Judgment Interest on Carmack Claim)

As a twenty-third, separate, affirmative defense to Plaintiff's Complaint, Defendant alleges that the Carmack Amendment governs the interstate shipment of cargo and does not allow the recovery of attorneys' fees, costs, or pre- or post- judgment interest.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
(Failure to File Timely Effective Written Claim Pursuant to Carmack)

As a twenty-fourth, separate, affirmative defense to Plaintiff's Complaint, Defendant alleges that Plaintiff failed to file a timely, effective, written claim with Defendant and is therefore barred from pursuing its claims against Defendant.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
(Actual Loss)

As a twenty-fifth, separate, affirmative defense to Plaintiff's Complaint, Defendant alleges that Plaintiff's damages, under the Carmack Amendment, are limited to the actual value of the goods lost or damaged. Plaintiff is not entitled to recover any consequential, special, or incidental damages, or attorneys' fees or expenses.

### CROSS-CLAIM

#### JURISDICTIONAL AND VENUE ALLEGATIONS

1.    Cross-Claimant INTERCARGO is a New York corporation doing business as a freight forwarder.

2.    Cross-Defendant DAWN FREIGHT, INC. is a corporation doing business at the Port of Miami, FL.

3.    Cross-Defendant HIGH QUALITY TRUCKING, INC. is a corporation doing

business at the Port of Miami, FL.

4. This case arises under federal question jurisdiction pursuant to The Carmack Amendment.

5. Jurisdiction is also proper under *28 U.S.C. § 1367(a)* because it arises out of the same transaction and occurrence as alleged in Plaintiff's Complaint for Damages and so forms a part of the same case or controversy.

6. Venue is proper pursuant to *28 U.S.C. § 1391(b)(2)* because the subject cargo was allegedly damaged at the Port of Miami, FL.

### FIRST CROSSCLAIM AGAINST DAWN FREIGHT, INC. AND HIGH QUALITY TRUCKING, INC. FOR INDEMNITY

7. If Cross-Claimant is held liable to Plaintiff, such liability will be partially or wholly due to the negligence and fault of the Cross-Defendants in that their actions caused the events leading to the injuries of the Plaintiff, and Cross-Defendants will therefore be liable and bound to pay Cross-Claimant a portion of any and all damages which might be adjudged to be due and owing to the Plaintiff from Cross-Claimant which correspond to the portion of the Cross-Defendants' respective fault.

8. Cross-Claimants denies that it is in any way responsible for the events or happenings or damages mentioned in the Petition. However, if Cross-Claimant is held responsible to any party for any of the matters alleged in the Petition, then Cross-Claimant is entitled to indemnity from Cross-Defendants for any loss they may sustain, including all costs, attorneys' fees and/or judgments which might be rendered against Cross-Claimant, because Cross-Claimants' liability, if any, would be based either on its strict liability, or passive or secondary conduct, and would arise as a proximate result of the negligence of Cross-Defendants.

9. Cross-Claimant has incurred litigation costs, expenses and attorneys' fees in the

investigation and defense of the Petition, and additional costs, expenses and attorneys' fees will necessarily be incurred in the future. Cross-Claimant may suffer liability herein for the acts or the failure to act of the Cross-Defendants as set forth above.

10. An actual controversy has arisen and now exists between Cross-Claimant and Cross-Defendants concerning their respective rights and duties. Cross-Claimant contends, and Cross-Defendants deny, that in the event Cross-Claimant is subjected to liability to any party in the Petition, Cross-Claimant will be entitled to be indemnified by Cross-Claimants for the full amount of any loss suffered or judgment paid by Cross-Claimant to any such party for such costs, reasonable attorney fees and other expenses which have and in the future may be incurred in Cross-Claimant's defense of this Action.

### SECOND CROSS-CLAIM AGAINST DAWN FREIGHT, INC. AND HIGH QUALITY TRUCKING, INC. FOR CONTRIBUTION

11. If Cross-Claimant is held liable in the Petition, such liability will be partially or wholly due to the negligence and fault of the Cross-Defendants in that their action caused the events leading to the injuries of the Plaintiffs, and Cross-Defendants will therefore be liable and bound to contribute a portion of any and all damages which might be adjudged to be due and owing to the Plaintiffs from Cross-Claimant which correspond to the portion of the Cross-Defendants' respective fault.

12. By reasons of the matters set forth hereinabove, Cross-Claimant is entitled to contribution from Cross-Defendants to the extent their fault, neglect, carelessness, and negligence contributed to damage of the cargo.

**WHEREFORE,** INTERCARGO LOGISTICS, INC. prays the Court for the following relief:

1. The Plaintiff take nothing by way of the Complaint;

2. Judgment in favor of Defendant INTERCARGO as to Plaintiff;

3. For judgment of indemnity in favor of Cross-Claimant INTERCARGO against the Cross-Defendants;

4. For judgment of contribution in favor of Cross-Claimant INTERCARGO against the Cross-Defendants;

5. Costs of suit herein incurred; and

6. For such further and other relief as the Court may deem just and proper.

## CERTIFICATE OF SERVICE

I CERTIFY that a copy of the foregoing was served on July 28, 2015 by CM/ECF electronic filing to all registered users in this action and by US Mail to the non-registered user or users listed below.

Respectfully submitted by,

MICHAEL GULISANO, ESQUIRE
5613 NW 117th Ave.
Coral Springs, FL 33076
Phone (561) 271-1678

/s Michael Gulisano
Michael Gulisano, Esquire
Florida Bar No.: 87573
gulisanomichael@gmail.com

## SERVICE LIST
CASE NO: 1:15-CV-22396

Patrick E. Novak, Esq.
pnovak@admiral-law.com
Horr, Novak & Skipp, P.A.
9130 S. Dadeland Blvd., Suite 1700
Miami, FL 33156
(305) 670-2525

Ryan Matthew McCarthy, Esq.
rmccarthy@admiral-law.com
Horr, Novak , Skipp, P.A.
9130 S. Dadeland Blvd., Suite 1700
Miami, FL 33156
(305) 670-2525

Jonathan Eric Kanov, Esq.
jkanov@mdwcg.com
Marshall Dennehey Warner Coleman Goggin
100 NE Third Avenue, Suite 1100
Fort Lauderdale, FL 33301
954-847-4920